### WHITFORD v. CLARK COUNTY.*

*(Circuit Court, E. D. Missouri. October 10, 1882.)*

1. MUNICIPAL BONDS—COUPONS—FRAUDULENT ISSUE—RIGHTS OF HOLDER.
    A purchaser with notice cannot recover upon detached interest coupons fraudulently issued after maturity.

Suit upon coupons of Clark county bonds.

*H. A. & A. C. Clover* and *Fisher & Rowell,* for plaintiff.

*Glover & Shepley,* for defendant.

TREAT, D. J. The court, sitting without the intervention of a jury in the trial of this cause, finds the facts to be: That said county subscribed, in the year 1871, for 2,000 shares of the capital stock of the Missouri & Mississippi Railroad Company, to be paid in the bonds of said county at par, running for the term of 20 years, and bearing interest at the rate of 8 per cent. per annum; said bonds, or the pro-

*Reported by B. F. Rex, Esq., of the St. Louis bar.

ceeds thereof, to be used in the construction by said company of that part of the railroad lying within said county. The county was, under said contract of subscription, to deliver its bonds forthwith to a financial agent to be chosen by its county court, who was to give his bond as agent, subject to the approval of the company and of the court, for the use of the county and of the company, conditioned for the faithful performance of his duties as such agent, he to have the power to sell the bonds through the St. Louis bond and stock board, or through Bartholow, Lewis & Co., bankers of St. Louis, and to pay over to the railroad company the said bonds, or the proceeds of the sale thereof, on the order of the said railroad company, as fast as the work progressed on the railroad in said county; each payment to include all work and necessary expenses expended in said county to the date of said payment. The bonds, with interest coupons annexed, were accordingly delivered to one Tinsman, who had been duly appointed such financial agent, and given his official bond conditioned and approved as required. The county also appointed an agent to vote its stock, and received a certificate therefor. Said financial agent deposited the bonds and coupons with Bartholow, Lewis & Co.

The railroad company entered into a contract with a construction company in 1872 to build the road and to receive in part payment therefor the bonds of Clark county. At the instance of said construction company the county bonds and coupons then in possession of Bartholow, Lewis & Co. were removed to and deposited with the Exchange Bank at Pana, Illinois, in 1873; said construction company, with sureties, indemnifying said Tinsman, the financial agent, for said removal, and making provision also for a lien said Bartholow, Lewis & Co. had on said bonds and coupons to the amount of about $30,-000. There were deposited with the said Exchange Bank in 1873, to the credit of said Tinsman, agent, Clark county bonds to the amount of $190,000, and detached coupons to the amount of $24,000.

The construction company obtained and used the bonds, but never did all the work required, nor did the railroad company, and the Exchange Bank failed. The construction company coupons in suit continued in possession of the former president of said bank after its failure until 1878, when he delivered them to said Tinsman, the said financial agent. Said Tinsman retained possession of them until 1881, when he delivered them, without consideration, to his brother-in-law, Roseberry, who was one of the sureties on his (Tinsman's) official bond. At that time Clark county was negotiating with its bondholders for a compromise on its bonds and coupons issued for

its subscription to said railroad stock, as heretofore stated. The coupons in suit had been for many years detached from the bonds and treated as a distinct and matured obligation. The plaintiff, through his agents, negotiated for and bought of said Roseberry said coupons for the sum of $2,500, of which sum Tinsman's wife, the sister of Roseberry, received from Roseberry $1,150. The condition of said coupons, and the general facts and circumstances of the controversy between the bondholders and Clark county concerning the alleged fraudulent issue of the bonds and coupons, were known to the plaintiff when he bought the coupons in suit.

Whereupon the court declares that the plaintiff is not entitled to recover, and orders judgment for the defendant.